UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR GARCIA,

      Petitioner,

 v.

FEDERAL BUREAU OF PRISONS, *et al.*,

      Respondents.

Case No. C11-1029-JCC-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action brought under 28 U.S.C. § 2241. Petitioner Arthur Garcia asserts in his petition that the United States Bureau of Prisons has improperly refused to credit against his custodial sentence time spent on pretrial home detention. Respondent hves filed a return opposing the petition and petitioner has filed a reply to the return. This Court, having reviewed the petition, the briefing of the parties, and the balance of the record, concludes that the petition should be denied and this action should be dismissed with prejudice.

## BACKGROUND

On September 8, 2004, petitioner was indicted in the Middle District of Pennsylvania and charged with using a facility of interstate commerce to entice a minor to engage in sexual

REPORT AND RECOMMENDATION - 1

activity, in violation of 18 U.S.C. § 2422(b), and travelling in interstate commerce to engage in illegal sexual conduct, in violation of 18 U.S.C. § 2423(b). (*See* Dkt. No. 16, Ex. 1 at 1 and Ex. 2; Dkt. No. 19, Transcript at 2.) Petitioner appeared for arraignment on October 26, 2004, and was ordered temporarily detained pending a detention hearing. (Dkt. No. 16, Ex. 1, CR[1] 11, 12.) On November 1, 2004, a detention hearing was held and petitioner was ordered detained pending trial. (Dkt. No. 1, Ex. A.)

Petitioner thereafter filed a motion for bail and, on November 22, 2004, the court issued an order setting conditions of release. (*See id.*, Ex. B and Dkt. No. 16, Ex. 1, CR 19, 35.) Among the conditions imposed by the court were that petitioner post a $100,000 secured bond and that he be subject to home detention and restricted to his residence at all times. (Dkt. No. 1, Ex. B.) The court also directed that petitioner participate in electronic monitoring, and that his contact with minor children and his use of the internet be limited. (*Id.*) With only minor modifications during the ensuing months, those conditions remained in effect until petitioner was sentenced. (*See* Dkt. No. 16, Ex. 1, CR 43, 74, 82, 92, 94.)

Petitioner entered a guilty plea to the charges in the indictment on August 24, 2005, and he was sentenced on January 26, 2006. (*Id.*, Ex. 1, CR 86, 107.) The Court originally imposed a custodial sentence of 100 months and a five year term of supervised release. (*Id.*, Ex. 1, CR 107.) That sentence was subsequently vacated on appeal, and petitioner was resentenced on September 12, 2007, to a term of 83 months confinement. (*Id.*, Ex. 1, CR 127.)

Petitioner was committed to the BOP on April 4, 2006. (Dkt. No. 16, Ex. B.) When petitioner's sentence was computed by the BOP, petitioner was given jail credit for time spent in pretrial detention from January 31, 2004 to February 1, 2004, and from October 26, 2004 to

---

[1] CR refers to the Clerk's Record in petitioner's criminal case in the Middle District of Pennsylvania.

REPORT AND RECOMMENDATION - 2

November 22, 2004. (*Id.*) In September 2008, petitioner submitted a request for administrative remedy in which he requested that he receive jail credit for time spent on pretrial home detention. (*See* Dkt. No. 1, Ex. C.) The warden of the institution where petitioner was then incarcerated denied the request. (*Id.*) Petitioner's subsequent appeals of that decision were rejected at both the regional and national levels. (*Id.*)

## DISCUSSION

Petitioner argues in his federal habeas petition that he is entitled to credit against his custodial sentence for over 14 months spent on pretrial home detention. The government argues that petitioner is not entitled to sentence credit for that time.

The statute which guides this discussion is 18 U.S.C. § 3585. Section 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

BOP policy defines "official detention" as "time spent under a federal detention order." *See* Bureau of Prisons Program Statement No. 5880.28, Ch. 1, § 3(c), at pp. 1-14F-H. This definition of "official detention" was adopted based on the United States Supreme Court's

REPORT AND RECOMMENDATION - 3

decision in *Reno v. Koray*, 515 U.S. 50 (1995). *See id*. In *Koray*, the Court held that time spent under restrictive conditions of release, in that case time spent in a community treatment center, did not constitute "official detention" entitling a federal prisoner to credit against his sentenced under § 3585(b).

Petitioner asserts that *Koray* is not controlling because the terms of his released were more onerous than those at issue in *Koray*. Petitioner notes that he "was under 24 hour home detention, in the custody of a third party custodian[2], and had to request, what amounted to furloughs, to leave his home for medical or other necessary appointments." (Dkt. No. 1 at 6.) Regardless of whether the restrictions imposed on petitioner are viewed as more or less onerous than those imposed on the defendant in *Koray*, that decision nonetheless controls the outcome of this case. The Supreme Court drew a clear distinction between defendants released on bail pursuant to 18 U.S.C. § 3142(c) and those ordered detained without bail pursuant to 18 U.S.C. § 3142(e). *See Koray*, 515 U.S. at 60-61. The degree of restriction imposed on a defendant granted pretrial release was no part of the equation.

As the record makes clear that the period of home confinement for which petitioner seeks sentencing credit was a condition of petitioner's pretrial release, imposed pursuant to § 3142(c), that period of time does not count as "official detention" and, thus, petitioner was properly denied credit against his custodial sentence by the BOP.

//

//

//

//

---

[2] As the government notes in its return, the "third party custodian" referenced by petitioner in his petition was his wife. (*See* Dkt. No. 1, Ex. B.)

REPORT AND RECOMMENDATION - 4

## CONCLUSION

Petitioner has not demonstrated in his petition any violation of the laws or Constitution of the United States.[3]  Accordingly, this Court recommends that petitioner's federal habeas petition be denied and this action be dismissed with prejudice.

DATED this 13th day of February, 2012.

_____
JAMES P. DONOHUE
United States Magistrate Judge

---

[3] Petitioner did not allege in his petition any violation of his Constitutional rights.  In his reply brief, petitioner asserts that the BOP's decision to deny credit for custody to individuals subject to 24 hour lockdown in their home raises equal protection and due process concerns.  However, petitioner offers no argument or authority to support that assertion.

REPORT AND RECOMMENDATION - 5